UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV172 SNLJ |
| | ) | |
| JERRY MORGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon remand of this action from the Eighth Circuit Court of Appeals. This Court will vacate the dismissal of this action, reopen the present matter and request that plaintiff file a second amended complaint for review pursuant to 28 U.S.C. § 1915.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are two correctional officers at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), Jerry Morgan and Unknown Kennedy.

Plaintiff asserts that in July of 2012, defendants Morgan and Kennedy used excessive force when removing him from his cell during his confinement at ERDCC. Plaintiff believes defendants' actions were in violation of his Eighth Amendment rights.

Although plaintiff stated in his original, handwritten complaint that he wanted to sue defendants in their individual capacity, in his amended complaint[1], he was silent as to the capacity

---

[1] Pursuant to Local Rule 2.06(A), the Court ordered plaintiff, who was acting pro se, to submit his complaint on a court-provided prisoner complaint form. The Local Rule states in pertinent part, "All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion,

1

under which he was suing defendants. When plaintiff failed to allege capacity properly in his amended complaint, the Court dismissed his amended complaint pursuant to *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995) and *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). 1995). The Eighth Circuit reversed this Court's dismissal, finding that the Court should have liberally construed plaintiff's amended complaint to include his individual capacity pleading from his original complaint. The Eighth Circuit remanded with instructions to either reinstate plaintiff's original complaint or permit plaintiff to file a second amended complaint.

## Discussion

In accordance with the Eighth Circuit's Opinion, this Court will vacate the dismissal of plaintiff's amended complaint and reopen the present action. Plaintiff shall have thirty (30) days to file his second amended complaint, on a court-form, in this action. Plaintiff shall take care to fill in all areas of the form, including his "Statement of Claim," and his "Request for Relief."

Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff shall also take care to enunciate whether he is suing defendants in their official or individual capacities, or both. If plaintiff believes that his claims are ongoing, he should note such in his second amended complaint.

Plaintiff is warned that the filing of his second amended complaint replaces the original complaint and his amended complaint, and claims that are not re-alleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th

---

may order the pro se plaintiff or petitioner to file on a Court-provided form."

Cir. 2005). If plaintiff fails to file his second amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice. *See* Fed.R.Civ.P.41(b).

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum and Order and the Order of Dismissal, entered on January 23, 2015 [Doc. #7 and #8], are **VACATED**, in accordance with the Opinion and Judgment received from the Eighth Circuit Court of Appeals on July 7, 2015.

**IT IS FURTHER ORDERED** that the Clerk of Court shall reopen this matter.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the second amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motions seeking leave to proceed in forma pauperis [Doc. #2 and #5] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to provide his certified copy of his account statement [Doc. #6] is **DENIED AS MOOT**.

Dated this 4th day of August, 2015.

                                               STEPHEN N. LIMBAUGH, JR.
                                               UNITED STATES DISTRICT JUDGE