# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

MICHAEL BURNS,                             )
                                           )
      Plaintiff,                       )
                                           )
      v.                               )      No. 1:14CV172 SNLJ
                                           )
JERRY MORGAN, et al.,                      )
                                           )
      Defendants.                      )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). [Doc. #21]. Also before the Court is plaintiff's motion for extension of time to pay the initial partial filing fee. [Doc. #22]. The Court will grant plaintiff's motion for extension of time to pay the initial partial filing fee.   Furthermore, based upon a review of the amended complaint, the Court finds that plaintiff's allegations of excessive force and deliberate indifference to his medical needs, against defendants Morgan and Kennedy in their individual capacities, state claims for relief as pleaded.   However, plaintiff's allegations against defendants in their official capacities will be dismissed, without prejudice.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable

1

right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are two correctional officers at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), Jerry Morgan and Unknown Kennedy.

Plaintiff asserts that in July of 2012, defendants Morgan and Kennedy used excessive force when removing him from his cell during his confinement at ERDCC. Plaintiff claims that defendants struck him with a closed fist in the face and body, and he asserts that defendants' actions were done "not to restore discipline, but instead to maliciously and sadistically cause harm." Plaintiff asserts that he received a broken nose and swelling and severe bruising to his face and body. He also asserts that defendants tried to hide his injuries from medical personnel by placing a "spit mask" over his head. Plaintiff states that in this way, defendants were deliberately indifferent to his serious medical needs, making sure he did not receive needed medical treatment after the incident.

Plaintiff believes defendants' actions were in violation of his Eighth Amendment rights. Plaintiff names defendants in both their individual and official capacities in this lawsuit. He seeks "actual and punitive damages" from defendants.

### Discussion

The Court finds that plaintiff has alleged enough facts to bring claims against defendants Morgan and Kennedy, in their individual capacities, for violations of the Eighth Amendment for

excessive force and for deliberate indifference to his serious medical needs. Thus, the Clerk shall issue process on these claims.

However, plaintiff's claims against defendants in their official capacities are subject to dismissal. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). [N]either a State nor its officials acting in their official capacity are persons under § 1983. *Id.* As a result, plaintiff's official claims against defendants in their official capacities will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff motion for extension of time to pay the initial partial filing fee [Doc. #22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that that the Clerk shall issue process or cause process to issue on plaintiff's claims for excessive force and deliberate indifference to his serious medical needs as to defendants Jerry Morgan and Correctional Officer Unknown Kennedy through the Court's waiver agreement with the Missouri Attorney General's Office. These claims shall issue only against defendants Morgan and Kennedy in their individual capacities.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Jerry Morgan and Unknown Kennedy, in their individual capacities, shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Jerry Morgan and Unknown Kennedy in their official capacities because the official capacity claims against defendants in the amended complaint are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 16th day of September, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE