# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL BURNS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14CV172 SNLJ |
| JERRY MORGAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiffs' motion to compel (#46) and motions to appoint counsel (#38, #47).

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *In re Lane*, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d

754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. at 1080-81; *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action still appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

As for plaintiffs' motion to compel, he moves for an order requiring defendants to produce a complete copy of the "use of force report" that they mention in their summary judgment motion.

Defendants respond that plaintiff filed his motion after the deadline for discovery matters, including motions to compel, had passed. More substantively, defendants state that plaintiff was given access to the entire use of force report, was permitted to take notes, and was permitted to view the videotaped events of the alleged use of force. Plaintiff has not filed a reply in support of his motion to compel and thus does not contest the defendants' representation that plaintiff has been given meaningful access to the document.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for appointment of counsel (#38, #47) are **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (#46) is **DENIED**.

Dated this ___29th___ day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE