UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL BURNS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:14CV172 SNLJ |
| JERRY MORGAN, et al., | ) | |
| Defendants. | ) | |

### MEMORANDUM and ORDER

Plaintiff Michael Burns is a prisoner in the Missouri Department of Corrections. He filed this 42 U.S.C. § 1983 claim, *pro se*, against defendants Jerry Morgan and Christopher Kennedy alleging violations of his Eighth Amendment rights in connection with an altercation that took place in and around his cell on July 29, 2012. Defendants have moved for summary judgment (#40). The matter is fully briefed and is ripe for disposition.

### I.  Factual Background

Plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center at all times relevant to this case. On July 29, 2012 at approximately 11:15 p.m., defendant Corrections Officer Jerry Morgan instructed plaintiff to hand over his food tray, cup, and spork. Defendant says plaintiff refused to do so. Plaintiff says he went to retrieve the tray but that defendant Morgan "tried to spray" through the food port hole in

the door but changed his mind, closed the food port, and walked off. Defendant Morgan left the cell and went to retrieve defendant Corrections Officer Christopher Kennedy.

Plaintiff states that, when defendants Morgan and Kennedy returned, they entered his cell and struck him several times in the face until plaintiff pushed his way out of the cell. It was then plaintiff says that defendants slammed plaintiff onto the floor. Plaintiff says that he suffered a broken nose, swollen and black eye, and bruises and abrasions to his face, head, and arms. Plaintiff states that he did not disobey any orders and that he did not receive a conduct violation for failing to follow orders. Rather, plaintiff claims defendants used excessive force against him and then failed to get him medical care for his injuries.

Defendants state that, when they returned to plaintiff's cell, they gave plaintiff several directives to return the food service items or to turn around and submit to wrist restraints. Rather, defendants says that plaintiff covered the food port with the tray. So defendant Kennedy motioned for the officer in the control center to open the door to plaintiff's cell. As defendants began to enter the cell, they say plaintiff came at them aggressively, so defendants placed plaintiff onto the floor and applied wrist restraints. Then they secured plaintiff to a nearby restraint bench and retrieved the food service items from plaintiff's cell. A "spit mask" was placed over plaintiff's head to prevent him from spitting on passers-by. After about 20 minutes, plaintiff was removed from the restraint bench and escorted to his cell. The incident was reported to the Shift Supervisor. Defendants also presented evidence that plaintiff received a conduct violation for

disobeying the order to return his food service items at 11:15 p.m. on July 29, 2012. Plaintiff objects that the conduct violation supplied by defendants is not signed and it was not entered into the computer system.

As reported in plaintiff's medical records, plaintiff was seen by a nurse at 11:45 p.m. and was re-examined at 4:00 a.m.. Although plaintiff now says he suffered from the injuries listed above, at the time, plaintiff initially complained he was injured on the side of his face, but then later he stated he was fine. Medical staff did not note any visible injuries. Plaintiff says they were unable to see his face because of the spit mask; however, plaintiff was able to remove the spit mask after he was returned to his cell.

A corrections supervisor conducted a use of force investigation. He collected use of force reports from defendants and other witnesses and obtained video footage of the event. The Review Committee determined the officers had failed to comply with "Post Orders" regarding removal of an offender from a call, and they were counseled on correct actions. But the Committee also found there were "no exceptional circumstances and that only the amount of force necessary was utilized."

The defendants supplied a copy of the video footage to the Court. The video is low resolution, but it clearly shows

- A corrections officer is standing at the cell door at 23:18:13; the officer walks away at 23:18:35.
- Two corrections officers return to the cell door at 23:20:39. They move around and appear to communicate with plaintiff behind the cell door.

3

- The two officers are still at the door when the door opens at 23:22:25. At 23:22:27, the officers are moving through the door when one of them appears to step back. It appears that neither officer ever fully enters the cell. At 23:22:29, the two officers and plaintiff emerge through the cell door and plaintiff is put on the ground.
- The officers then restrain plaintiff while he is lying face-down on the ground, and they pull him to a standing position at 23:23:03.
- Plaintiff is placed on the restraint bench at 23:23:16.

Plaintiff filed this lawsuit claiming defendants used excessive force against him and failed to obtain medical care for his injuries. Defendants have moved for summary judgment.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III. Discussion

Defendants seek summary judgment on both of plaintiff's claims against them. Each is discussed in turn below.

### A. Excessive Force

"The Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates, regardless of whether there is evidence of any significant injury." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6 (internal quotation omitted). Here, plaintiff claims defendants Morgan and Kennedy used excessive force when they entered his cell, began beating him, and threw him face-down onto the floor outside his cell as he escaped. Plaintiff states there is enough evidence to create a genuine issue of fact for trial as to this matter. However, the video evidence submitted by defendants supports the defendants' statement of fact. It is clear from the video that, when defendants Morgan and Kennedy returned to

5

plaintiff's cell, they did not immediately go into the cell as plaintiff states. They appear to communicate with plaintiff from outside the cell for almost two minutes. Then one of them motions to the control station guard, and the door is opened. Neither officer ever appears to fully enter the cell; in fact, one officer immediately steps back and then forward again, and then the plaintiff can be seen being put on the floor by the two officers. The plaintiff remains face-down on the floor while the two officers put restraints on him. Thirty-four seconds after exiting his cell, plaintiff is brought to an upright position by the officers and led to the restraint bench. There is no evidence to support plaintiff's claim that the two defendants hit plaintiff repeatedly before he attempted to flee. The video supports defendants' version of the events and, as the prison administration concluded, the use of force against plaintiff was not excessive but was reasonably used to restore order. Although plaintiff argues that the defendants should have had a supervisor present before removing him from his cell, that argument does not support that plaintiff's constitutional rights were violated. Summary judgment will be granted to defendants on plaintiff's excessive force count.

### B. Medical Care

To establish a constitutional violation based on inadequate medical care, plaintiff must show defendant was deliberately indifferent to the plaintiff's serious medical needs. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). "Deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one

that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d. 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d. 174, 176 (8th Cir. 1995)).

In order to satisfy the subjective component of an Eighth Amendment medical claim, a plaintiff inmate must show that the prison officials knew of, yet deliberately disregarded, an excessive risk to the inmate's health. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). A prison official may be liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and fails "to take reasonable measures to abate it." *Coleman*, 114 F.3d. at 785 (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). The plaintiff must establish a "mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). "Neither differences of opinion nor medical malpractice state an actionable Constitutional violation." *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

Plaintiff cannot satisfy either component of the deliberate indifference test. Plaintiff claims that he had a broken nose, black eye, bruises, abrasions, and damage to an already painful temporomandibular joint following the incident with defendants but that he did not receive medical treatment. Plaintiff does not deny that he was visited by a nurse at 11:45 p.m. and 4:00 a.m. Rather, plaintiff says the nurse was not able to see his injuries because of the spit mask, and that defendants are thus responsible. The nurse's notes, however, state that plaintiff at first said his face was injured by then denied that he had any problems. Further, plaintiff was capable of removing the spit mask when back in his cell for the 4:00 a.m. nurse visit, but again the nurse's notes state that the plaintiff denied any problems. Regardless, it is clear that defendants did not interfere with plaintiff's ability to

receive medical care --- he was visited by a nurse twice, which is documented in his medical records. Defendants were not deliberately indifferent to any serious medical need, and summary judgment will be granted to them.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#40) is **GRANTED**.

Dated this   24th   day of April, 2017.

                                              UNITED STATES DISTRICT JUDGE